DANBURY SAVINGS AND LOAN ASSOCIATION, INC. *v.* JORMAN M. HOVI ET AL. (7787)

BORDEN, DALY and NORCOTT, Js.

Argued November 7, 1989—decision released February 6, 1990

*Jorman M. Hovi,* pro se, the appellant (named defendant).

*Scott D. Rosen,* for the appellee (defendant Federal Deposit Insurance Corporation).

*Robert N. Talarico* filed a brief for the appellee (plaintiff).

DALY, J. This is an appeal by the named defendant, Jorman M. Hovi, from the judgment of the trial court approving a foreclosure by sale of property owned by the defendant.[1] The defendant claims that the court erred in approving the sale because the sale price of $98,000 was substantially below the appraised value of $225,000, and because such approval deprived him of his property without due process of law. We find no error.

The plaintiff, Danbury Savings and Loan Association, Inc., instituted this foreclosure action against the defendant, seeking to foreclose its mortgage on the defendant's property in Danbury. The trial court found

---

[1] This foreclosure action was instituted against Jorman M. Hovi, *as trustee,* because Jorman M. Hovi and Joan L. Hovi, as mortgagors, conveyed the mortgaged property to Jorman M. Hovi, trustee, in violation of the terms of the mortgage. The named defendant on the appeal, however, was Jorman M. Hovi, individually. The plaintiff has not objected to this technical defect. Our reference to the defendant is intended to include Jorman M. Hovi, both as trustee and individually.

The plaintiff also instituted this action against several creditors. These defendants did not, however, appeal.

that the debt secured by the mortgage was $13,997.80, and ordered a foreclosure by sale. The court appointed a committee to conduct the sale of the property, and appointed three appraisers pursuant to General Statutes § 49-25. The appraisers arrived at a value of $225,000 for the entire property. That value was based on the assumption that the building was a legal nonconforming use as a four-family structure.

The committee's "notice to bidders" pointed out that there was a question concerning whether the premises could legally be used as a four-family, as opposed to a two-family, dwelling. It further stated that the defendant had filed what purported to be a declaration of condominium and by-laws for the premises.

On the sale date, six registered bidders and fourteen additional persons attended the auction. The plaintiff made the opening bid and bidding then proceeded through sixteen mesne bids to a high bid of $98,000, and the bidding was declared closed. The sale was made subject to prior tax liens.

A hearing was held on the committee's motion to approve the sale. The plaintiff and the defendant Federal Deposit Insurance Corporation (FDIC), which held a subordinate mortgage on the property, presented evidence that the legal use of the building was limited to two families, and that any previous nonconforming use of the building as a four-family dwelling had been abandoned. One of the court-appointed appraisers testified that he had assumed that the building was a legal four-family dwelling. He also testified that if the building was only a two-family dwelling, the value of the property would be $165,000. The defendant presented evidence that the four-family use of the premises had not been abandoned. In addition, he had the opportunity to cross-examine the opposing witnesses. The trial court approved the sale.

I

The defendant first claims that the court abused its discretion when it approved the sale because the highest bid of $98,000 was inadequate compared to the original appraised value of $225,000. We do not agree.

First, the defendant cites to an outdated version of General Statutes § 49-14 and argues that the original appraisal of $225,000 was conclusive as to the value of the property. The version of General Statutes § 49-14 on which the defendant relies was revised in 1979. See Public Acts 1979, No. 79-110. The revised version of § 49-14 does not apply to the present proceeding because it concerns appraisals made following the filing of a motion for a deficiency judgment.

The court properly applied General Statutes § 49-25, the applicable provision for foreclosure by sale proceedings, in appointing the three appraisers. Our Supreme Court has determined that an appraisal made pursuant to a foreclosure by sale is not conclusive as to the value of the property. See *Bryson* v. *Newton Real Estate & Development Corporation,* 153 Conn. 267, 274, 216 A.2d 176 (1965); *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 694–95, 25 A.2d 652 (1942). Thus, the trial court was not bound to accept the original appraised value of $225,000 in determining whether to approve the sale.

The defendant next asserts that the original appraised value should have been the "medium of comparison for the trial court to use to determine the fairness of the bids brought in by the auction." The purpose of the appraisal is, as argued by the defendant, to give the court a basis from which to determine the fairness of the highest bid. *Bryson* v. *Newton Real Estate & Development Corporation,* supra, 274. The court properly considered the original appraised value when it accepted the highest bid. The court, nonetheless, deter-

mined that there was active participation in the bidding process, and that the auction was proper.

The defendant also asserts that the bid of $98,000 was not adequate. "Because the trial court has control of the foreclosure proceedings, it can, in the exercise of its discretion, accept or reject a proposed sale." *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 490, 538 A.2d 1027 (1988). " '[A] court of equity in a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate. . . .' " Id., quoting *Honeyman* v. *Jacobs,* 306 U.S. 539, 543, 59 S. Ct. 702, 83 L. Ed. 972 (1938).

There was evidence that the legal status of the property at the time of the auction was questionable, and that the value of the property could be worth as little as $165,000. In addition, the court specifically found that there was no unfairness in the bidding process, that there was no likelihood that a second auction would produce a higher sales price, and that such a second auction would instead increase costs and delay the satisfaction of debts to other creditors. Under the circumstances of this case, the court did not abuse its broad discretion.

The defendant also claims that the court erred in finding that the committee did not misrepresent the property when it included information in the notice to bidders regarding the legal status of the use of the building. The court specifically found that the legal use of this building was questionable, and that the committee acted properly when it included information in the notice to bidders that the nonconforming use had probably been abandoned for a period exceeding six months. On the basis of our review of the record, we conclude that the evidence sufficiently supports the trial court's

finding and, as such, is not clearly erroneous. Practice Book § 4061; *Feigenbaum* v. *Waterbury,* 20 Conn. App. 148, 151, 565 A.2d 5 (1989).

II

The defendant also claims that the approval of the sale violated his right against deprivation of property without due process of law. We do not agree.

"Due process does not mandate a particular procedure but rather requires that certain safeguards exist in whatever procedural form is afforded. . . . Moreover, there is no violation of due process when a party in interest is given a meaningful time for a court hearing to litigate the question . . . ." (Citation omitted.) *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 196 Conn. 172, 176–77, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). The defendant had the full opportunity to persuade the court that it should not approve the sale. The defendant was not deprived of due process of law.

There is no error.

In this opinion the other judges concurred.