NORTHEAST SAVINGS, F.A. *v.* JEAN HOPKINS ET AL.
(8490)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued April 3—decision released July 24, 1990

*Jeffrey A. Nirenstein,* with whom, on the brief, was *Judith F. Machuga,* for the appellant (named defendant).

*Kevin J. Burns,* for the appellee (plaintiff).

DALY, J. This is an appeal by the named defendant, Jean Hopkins, trustee, (hereinafter defendant) from the judgment of the trial court approving a foreclosure by sale of property owned by the defendant. The defendant claims that the court (1) should not have denied her "motion to reopen the foreclosure by sale and to extend the law day,"[1] and (2) should not have approved the committee's sale and deed. We affirm the judgment of the trial court.

The plaintiff, Northeast Savings, F.A., instituted this foreclosure action against the defendant,[2] seeking to foreclose its second mortgage on the defendant's property in Meriden. On March 16, 1989, the court, *M. Hennessey, J.,* granted a motion for foreclosure by sale filed by the defendant Yale-New Haven Hospital. On that date, the court also found that the debt secured

[1] We note that the defendant's request to "extend the law day" is an inappropriate request in the present case. This proceeding concerned a foreclosure by sale, not a strict foreclosure. The court imposes law days only in strict foreclosure proceedings. In her motion, however, the defendant requested that the court extend the *sale day,* and also provided reasons why the court should extend the sale day. Accordingly, this motion should properly have been called a "motion to reopen the foreclosure by sale and extend the sale day." For a discussion of the distinction between the two types of motion, see footnote 3, *infra.*

[2] The plaintiff also named several creditors as defendants in this action. These defendants did not, however, appeal.

by this mortgage was $40,236.48, plus costs. The sum included attorney's fees. The court appointed a committee and three appraisers pursuant to General Statutes § 49-25, and ordered a foreclosure by sale to take place on August 5, 1989. The property was subsequently found to have a value of $195,000 after the three appraisals placed a value of $197,000, $175,000 and $195,000.

Before the sale, the defendant filed a "motion to reopen the judgment of foreclosure by sale and to extend law day" on July 13, 1989. Included with this motion was an affidavit of the defendant in support of her motion. The court, *Gaffney, J.,* denied the motion on July 27, 1989.

On the sale date, four registered bidders and approximately sixteen additional persons attended the auction. After clarification that the property was being sold subject to the first mortgage of $56,886.60, plus per diem interest charges, also held by the plaintiff, as well as other liens, the bidding proceeded to a high bid of $68,500. That bid aggregated to a selling price of $128,782.04.

Following the committee's motions to accept its report and approve the sale and deed, the defendant and another defendant, Michael J. Hopkins, subsequently filed a motion to reject the committee sale. The court heard oral argument on these motions, including reference by the defendant to two letters dated August 30, 1989, from Fairbank Mortgage Company concerning a refinancing plan for the property. The trial court, *McWeeney, J.,* subsequently approved the committee sale. Following appeal, the trial court's reasons for approving the sale were articulated in response to the defendant's motion for articulation. Practice Book § 4051.

## I

The defendant first claims that the court abused its discretion when it denied her "motion to reopen the foreclosure by sale and to extend the law day." We conclude that although this motion was timely filed and the trial court had jurisdiction to hear this motion,[3] we need not review this claim because the defendant has not presented an adequate record for review. See *State* v. *Cates,* 202 Conn. 615, 625, 522 A.2d 788 (1987); *United Church of Christ* v. *West Hartford,* 9 Conn. App. 448, 456, 519 A.2d 1217 (1987), aff'd, 206 Conn. 711, 539 A.2d 523 (1988). Although there is some indication in the record that this motion was argued before Judge Gaffney, the trial court that denied the motion, the

---

[3] This motion was timely filed because it was filed within the four month restriction for opening judgments as set forth in General Statutes § 52-212a, and the court had jurisdiction because the motion was filed before absolute title left the property owner, which in this case means before the committee sale was approved. See *Connecticut Savings Bank* v. *Howes,* 9 Conn. App. 446, 447, 519 A.2d 1216 (1987) (court's holding based on General Statutes § 49-26); see also *Merry-Go-Round Enterprises, Inc.* v. *Molnar,* 10 Conn. App. 160, 162, 521 A.2d 1065 (1987) (under General Statutes § 49-15, trial court cannot open the judgment of strict foreclosure once a title is absolute in any encumbrancer).

We note that a "motion to open a foreclosure by sale and to extend the sale day" is not the same as a "motion to open a strict foreclosure and to extend the law day." The latter motion is governed by General Statutes § 49-15 which provides that "[a]ny judgment foreclosing the title to real estate by *strict foreclosure* may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, *notwithstanding the limitation imposed by section 52-212a,* upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer." (Emphasis added.)

Thus, a motion to open the judgment of strict foreclosure may be filed later than four months after the judgment has been rendered, but not after absolute title passes in any encumbrancer. On the other hand, a motion to open the judgment of foreclosure by sale has two restrictions. It must be filed within the four month restriction of § 52-212a, and this motion has to be filed before the committee sale is approved.

defendant filed no transcript of this proceeding. In addition, the defendant filed no motion for articulation of the court's denial of her motion.

## II

The defendant next claims that the court should not have approved the committee sale. We disagree.

First, the defendant argues that the court failed to consider appropriately the following three factors: (1) her ability to pay the debt; (2) the value of the mortgaged property as compared with the amount of the debt; and (3) the depressed real estate market that rendered it difficult to sell the property privately in a short period of time. The defendant relies primarily on the following language in *Metropolitan Life Ins. Co. v. Bassford,* 120 Conn. 384, 389, 180 A.2d 692 (1935), to support her claim that the court must consider these three factors: "Under the practice in this State, the determination of the time to be allowed for redemption by the owner of the equity rests in the legal discretion of the court. The court will have regard for the value of the mortgaged premises as compared with the amount of the debt, and exercise its discretion in view of all the circumstances of the case so as to prevent a sacrifice of the property. 2 Swift's Digest, 197. It may properly consider economic conditions which render it difficult to dispose of the property . . . ."

The record does not support the defendant's claim that the court failed to consider appropriately these three factors. In its articulation, the court, *McWeeney, J.,* specifically indicated that it had considered the existence of a poor real estate market and concluded that a subsequent sale would incur greater expenses and might not realize any greater net proceeds. It also considered the value of the mortgaged premises as compared to the debt in view of all of the circumstances when it concluded that the amount received from the

committee sale essentially satisfied the amount of the debt. In addition, the court specifically indicated that it had considered the defendant's evidence of the refinancing plan from Fairbank Mortgage Company, but concluded that "[i]n view of the previous unsuccessful attempts by the appellants to resolve this situation and the conditional nature of the 'commitment'; there was no substantial basis to justify the expense and delay involved in rejecting the committee's report and sale." The defendant also argued that the court should not have found that the "commitment" to refinance the premises was conditional. On the basis of our review of the record, we conclude that this finding was not clearly erroneous. See Practice Book § 4061. The trial court has appropriately considered these equities and has not abused its discretion.

The defendant also argues that the trial court abused its discretion in confirming the committee sale because the bid price of $68,500 was not adequate. "Because the trial court has control of the foreclosure proceedings, it can, in the exercise of its discretion, accept or reject a proposed sale." *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 490, 538 A.2d 1027 (1988). " ' "[A] court of equity in a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate. . ." ' Id., quoting *Honeyman* v. *Jacobs,* 306 U.S. 539, 543, 59 S. Ct. 702, 83 L. Ed. 972 (1938)." *Danbury Savings & Loan Assn., Inc.* v. *Hovi,* 20 Conn. App. 638, 642, 569 A.2d 1143 (1990).

As previously mentioned, the court found that there was no likelihood that a second auction would produce a higher sales price. In addition, the court found that a delay in the sale of the property would also delay the satisfaction of debts to other creditors. Under the cir-

cumstances of this case, the court did not abuse its broad discretion when it approved the committee sale.

Last, the defendant argues that because the court acted unjustly in approving the sale for the previously mentioned reasons, she was denied due process of law. This claim has no merit.

" 'Due process does not mandate a particular procedure but rather requires that certain safeguards exist in whatever procedural form is afforded. . . . Moreover, there is no violation of due process when a party in interest is given a meaningful time for a court hearing to litigate the question . . . .' " *Danbury Savings & Loan Assn., Inc.* v. *Hovi,* supra, 643. The defendant had the full opportunity to persuade the court that it should not approve the sale. See id. The defendant was not deprived of due process of law.

The judgment is affirmed.

In this opinion the other judges concurred.