DOREEN MORELLI *v.* MANPOWER, INC.
(11042)

LANDAU, FREEDMAN and SCHALLER, Js.

Argued November 3, 1993—decision released May 17, 1994

*William F. Gallagher,* with whom was *Snow Gene Munford,* for the appellant (plaintiff).

*Richard A. Roberts,* with whom, on the brief, was *Michelle J. Blair,* law student intern, for the appellee (named defendant).

*Glory Martyn Lena,* with whom, on the brief, was *William H. Champlin III,* for the appellee (defendant Sears, Roebuck and Company).

FREEDMAN, J. This matter is currently before us on remand from our Supreme Court. *Morelli* v. *Manpower, Inc.,* 226 Conn. 831, 628 A.2d 1311 (1993). When this matter was first before us we dismissed the appeal, on our own motion, on the ground that the denial of a motion to open a dismissal entered pursuant to Practice Book § 251 was not a final judgment, relying on *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corp.,* 187 Conn. 509, 446 A.2d 1082 (1982). Upon the granting of certification, the Supreme Court overruled *Governors Grove,* reversed our decision, and concluded that the denial of a motion to open a dismissal entered pursuant to Practice Book § 251 was an appealable final judgment.

The facts necessary to the resolution of this appeal were well stated in our previous decision as follows. "The plaintiff brought this negligence action against the defendant on August 23, 1989. The plaintiff claimed that she was injured due to the negligence of a fellow employee while she was employed at Sears, Roebuck and Company. A motion to implead by the defendant, Manpower, Inc., was granted and a third party complaint against Sears, claiming breach of contract and indemnification, was filed. On April 17, 1991, the case appeared on the Superior Court dormancy calendar, with a notice that the action would be dismissed on June 28, 1991, if counsel failed to close the pleadings or appear on that date. On June 10, 1991, the plaintiff filed a motion to exempt the action from the dormancy calendar. On June 28, 1991, the action was dismissed pursuant to Practice Book § 251 for the failure of the plaintiff to prosecute with reasonable diligence. Subsequently, the plaintiff filed a motion to open the judgment of dismissal, which was denied. This appeal is from that denial." *Morelli* v. *Manpower, Inc.,* 29 Conn. App. 132, 133, 612 A.2d 818 (1992). We went on to say in a footnote that "[t]he plaintiff claimed that she did not receive notice of the June 28, 1991 dismissal until November 19, 1991. The plaintiff's counsel claimed that he became aware of the judgment of dismissal during a discussion with the defendant's counsel regarding a pending motion for summary judgment dated July 2, 1991, which was scheduled for hearing on the short calendar of November 25, 1991. The plaintiff filed a motion to open the judgment on November 21, 1991. A hearing on the plaintiff's motion to open was scheduled for December 2, 1991, but it was not acted upon on that date. A computer generated notice, dated December 18, 1991, referring to a judgment dated December 5, 1991, was issued by the Superior Court clerk's office and stated that the plaintiff's

motion to open the judgment was granted. Thereafter, the motion to open appeared on the December 9, 1991 calendar and the trial court, *A. Aronson, J.*, denied the motion to open. Notice of this decision was issued on December 9, 1991.

"The denial was based on *Serrano* v. *Behar,* 15 Conn. App. 308, 544 A.2d 250 (1988), which held that a trial court has no jurisdiction to open a judgment beyond the four month period described in General Statutes § 52-212a and Practice Book § 326. See also *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 494 A.2d 549 (1985).

"On January 10, 1992, the trial court issued a notice that stated that '[c]onflicting notices were sent on this motion. Motion to reopen denied 12/9/91 per *Aronson, J.* . . . Notice granting motion sent in error. This file is dead.' " *Morelli* v. *Manpower, Inc.,* supra, 29 Conn. App. 133–34 n.2.

The plaintiff claims that the trial court improperly denied her motion to open the judgment of dismissal on the ground that the court had no jurisdiction to open a judgment beyond the four month period described in General Statutes § 52-212a and Practice Book § 326 without first affording her a hearing on her claim that she did not receive notice of the judgment of dismissal until November 19, 1991. We agree.

Submitted along with her motion to open the judgment of dismissal dated November 21, 1991, was an affidavit of the plaintiff's attorney. The affidavit alleged that the attorney for the plaintiff did not receive notice of the dismissal until he was informed of the dismissal by the attorney for Manpower, Inc., during a telephone conversation on November 19, 1991. The conversation was in regard to a motion for summary judgment filed by Manpower, Inc., on July 9, 1991, and scheduled for a hearing on November 25, 1991.

General Statutes § 52-212a provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."[1]

"[I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." *Noethe* v. *Noethe,* 18 Conn. App. 589, 595, 559 A.2d 1149 (1989). The order of the trial court dated December 9, 1991, denying the plaintiff's motion to open the dismissal contains the following notation: "JDNO 12-9-91 KP A/C." This is a standard notation used to indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record. Such a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary. *Batory* v. *Bajor,* 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990); *DiSimone* v. *Vitello,* 6 Conn. App. 390, 393, 505 A.2d 745 (1986). Because the presumption is rebuttable, it follows that the plaintiff is entitled to a hearing to have an opportunity to present such rebuttal evidence. When the trial court is required to make a finding that "depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is

---

[1] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. . . ."

provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Roberts* v. *Roberts,* 32 Conn. App. 465, 475, 629 A.2d 1160 (1993).

The defendant Manpower urges us to find that, even if the plaintiff did not receive notice of the June 28, 1991 dismissal, she was on notice that the matter was on the dormancy calendar and the calendar itself contained a notation that if certain steps were not taken, the matter would be dismissed.[2] This is an issue more properly reserved for the trial court at a hearing to determine when the plaintiff had notice of the dismissal and, accordingly, when the four month limitation, of General Statutes § 52-212a and Practice Book § 326 expired.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion SCHALLER, J., concurred.

LANDAU, J., concurring. Although I concur in the result reached by the majority, I disagree with its reasoning.

Before proceeding, it is important to point out exactly what is and what is not at issue. This is an appeal from the judgment of the trial court (albeit the second visit to this court) denying a motion to open a judgment of dismissal pursuant to Practice Book § 251 for failure of the plaintiff to prosecute her claim with reasonable diligence. The action was dismissed on June 28, 1991. On November 21, 1991, more than four months after the dismissal, the plaintiff filed a motion to open,[1] claim-

---

[2] We note that the defendant Manpower filed a motion for summary judgment on July 19, 1991, some ten days after the June 28, 1991, dismissal.

[1] The plaintiff moved the court "to reopen dismissal." "Although the nomenclature is found in the title to General Statutes § 52-212 and in some decisions of our courts; see, e.g., *Bartlett* v. *Bartlett,* 220 Conn. 372, 599

ing, inter alia, that she did not receive notice of the dismissal until November 19, 1991. The plaintiff's motion was denied by the trial court citing *Serrano* v. *Behar,* 15 Conn. App. 308, 311, 544 A.2d 250 (1988), stating that "a trial court has no jurisdiction to open a judgment beyond the four month period described in General Statutes § 52-212a and Practice Book § 326. See also *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 494 A.2d 549 (1985)."

The majority, disagreeing with the trial court, concluded that " '[i]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open.' *Noethe* v. *Noethe,* 18 Conn. App. 589, 595, 559 A.2d 1149 (1989)." It ruled that the plaintiff is entitled to a hearing to have an opportunity to present evidence rebutting the trial court's finding that notice of the dismissal was sent by the court and received by the plaintiff. The majority, quoting *Roberts* v. *Roberts,* 32 Conn. App. 465, 475, 629 A.2d 1160 (1993), states: "When the trial court is required to make a finding that depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) The majority's adherence to *Roberts* as the linchpin of its analysis suggests a precedent based on a discretionary finding of fact, i.e., that the presumption of issuance and receipt of the notice has been met and

A.2d 14 (1991); *Sasso* v. *Aleshin,* 197 Conn. 87, 495 A.2d 1066 (1985); *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 455 A.2d 833 (1983); *Northeast Savings, F.A.* v. *Hopkins,* 22 Conn. App. 396, 578 A.2d 136 (1990); *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 478 A.2d 257 (1984); unless the judgment has been opened previously, the appropriate appellation is a motion to open. 'Reopen' is defined in Webster's Third New World Dictionary as 'to open *again*' or 'to take up *again.*' (Emphasis added.) Thus, we will treat the motion as a motion to open." *National Iron Bank* v. *Gelormino,* 28 Conn. App. 7, 8 n.1, 609 A.2d 666 (1992).

overcome. I am apprehensive and distrustful of that reliance, and the precedential value that necessarily follows it.

The order of the trial court dated December 9, 1991, coupled with the affidavit of the plaintiff's attorney, successfully fashions the notice issue. The bar to reaching a decision is General Statutes § 52-212a[2] and Practice Book § 326.[3] Both set out a temporal parameter of four months for the filing of a motion to open or set aside succeeding the date on which a judgment was rendered or passed, "[u]nless otherwise provided by law." Due process is "provided by law" in any circumstance. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). A dismissal under Practice Book § 251 certainly has a sense of finality attached,[4] and "the exis-

---

[2] General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court."

[3] Practice Book § 326 provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside as filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.

"Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a small claims or juvenile matter, the moving party shall pay to the clerk the filing fee prescribed by statute unless such fee has been waived by the court."

[4] Practice Book § 251 provides: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any

tence of actual or constructive notice is a question of fact properly within the province of the trial court. *Middlebury* v. *Steinmann,* 189 Conn. 710, 714, 458 A.2d 393 (1983); *Mausch* v. *Hartford,* 184 Conn. 467, 469, 440 A.2d 157 (1981)." *Noethe* v. *Noethe,* supra, 18 Conn. App. 596. On remand, the trial court must hold an evidentiary hearing to determine when the plaintiff received either actual or constructive notice and whether she filed her motion to open within four months succeeding the date on which the judgment was rendered or passed. Id. Thus, rather than base a decision on *Roberts* with its substructure of a discretionary finding of fact, I would posit that *Mullane* serves as sounder footing on which to set the cornerstone.

I would direct the trial court, upon a finding that the plaintiff's motion to open was untimely, to deny the motion; if however, the court concludes that the motion was timely filed, then it must reach the merits of the motion.[5]

Accordingly, I concur only in the result.

party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests.

"If a case is printed on a dormancy calendar pursuant to the dormancy program administered under the direction of the chief court administrator, and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders."

[5] As a corollary to its argument, the defendant Manpower urges us to find that "even if the plaintiff did not receive notice of the June 28, 1991 dismissal, she was on notice that the matter was to be heard on the dormancy calendar which contained a notation that if certain steps were not taken, the matter would be dismissed." The majority reached the conclusion that the issue before this court, i.e., whether the trial court was appropriate in its action denying the motion to open the judgment of dismissal, could not be addressed because findings of fact were necessary. It then

embarks on a brief discussion by way of obiter dicta as to when the four month limitation, contained in General Statutes § 52-212a and Practice Book § 326, expires. While I agree with the majority that the argument is more properly reserved, on remand, for the trial court, the issue of the limitation's expiration is not before us and is a matter best left to another day.