[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION
This is a negligence action brought by the plaintiff Sharon Tighe against the defendant Franc Daniels who, it is alleged, struck her with his car while she was riding her bicycle, causing her to suffer personal injuries. The accident occurred in July 1991, and the suit was commenced with a return date of September 10, 1991. The defendant appeared by counsel and a pre-judgment remedy was issued by agreement on November 25, 1991, attaching $75,000 worth of the defendant's real estate.
In 1992, this matter was put on a track for early intervention under the alternative dispute resolution program. At a case conference with the court on January 7, 1992, with all counsel present, the court (Spear, J.) scheduled the matter for a settlement conference on March 10, 1992. Plaintiff's counsel noted the date on his office and pocket calendar for March 17 by mistake, and as a result did not appear at the March 10 conference. On March 10, 1992, the court dismissed the case for failure of plaintiff's counsel to appear at the conference.
On March 12, while attending to the file, plaintiff's counsel discovered his error, and the next day — March 13[1] — he called the ADR office and was notified of the dismissal. He was also told during the phone call that a hearing concerning the imposition of discipline against plaintiff's counsel for failure to appear at the conference was scheduled for April 10, 1992.
On March 16, 1992, plaintiff's counsel filed a Motion to Set Aside Dismissal and to Restore Case to Docket, in which he represented that opposing counsel had no objection to the motion and to which he attached an affidavit explaining why he had missed the settlement conference. Meanwhile, on March 12, the court sent out the notice advising all counsel that the case had been CT Page 6079 dismissed and that the court had scheduled the disciplinary hearing for March 27, 1992. Plaintiff's counsel claims never to have received this notice. Defendant's counsel did receive a copy of this notice.
On March 27, 1992, plaintiff's counsel failed to appear at the disciplinary hearing. The court imposed a fine of $100 payable on or before April 10, 1992, and sent out written notice of its order the same day. On April 1, 1992, plaintiff's counsel, having received the court's notice of imposition of discipline, wrote to the court explaining that he thought he was supposed to appear on April 10. This apparently prompted a return call from the ADR office telling him to come in on April 10 to discuss the matter with Judge Spear. It is unclear whether defendant's counsel was notified of this development.
When plaintiff's counsel arrived on April 10, 1992, he spoke to Judge Spear in chambers, off the record, and now represents to this court that Judge Spear said that the matter would be restored to the docket. In fact, no notation was made on the motion or on the file jacket; nor was this placed on the record so that a transcript is available; nor was any written notice sent out by the clerk's office, or the ADR office; nor did the plaintiff follow up with any written inquiry or attempt at confirmation at that time. As far as the record reflects, and as far as the defendant knew, the court took no action to set aside the dismissal and the case was, for all practical purposes, over.
Subsequently, plaintiff's counsel took no action on the file for more than a year and a half. Even though the defendant had never filed an answer, the plaintiff took no action to close the pleadings, nor did he make any inquiry concerning why the court may have allowed the case to sit for so long a period, if it was still a docketed case, without any notices through the dormancy program, Conn. P.B. 251, or once again through the early intervention efforts of the ADR office. Not until December 1993 in preparing for a mediation of the plaintiff's uninsured motorist's claim did plaintiff's counsel take steps to consult the court file for information about the status of this case. He then discovered that the Motion to Set Aside the Dismissal had not, in fact, been acted upon. He began to attempt to reclaim the Motion to Set Aside Dismissal by filing reclaim slips over a number of months into the Spring of 1994. These produced no scheduling of the motion on the short calendar, because, given the amount of time that had passed since the dismissal of March 10, 1992, the clerk's office CT Page 6080 considered the file to be dead. Plaintiff's counsel evidently made no inquiry at the time concerning why the reclaim slips were not working.
Finally on April 25, 1994, over two years from the dismissal of the case, counsel for the defendant contacted plaintiff's counsel to release the pre-judgment attachment so that the defendant could obtain a loan. That contact resulted in plaintiff's counsel filing this motion.
The defendant objects to setting aside the dismissal and reinstating the matter to the active docket. The defendant's position is that the case is over and has been over for two years.
For purposes of consideration of this motion, this court accepts as true the chronology of events set forth by plaintiff's counsel. Morelli v. Manpower, Inc., 34 Conn. App. 419 (1994).
Nonetheless the court finds that plaintiff's counsel failed to exercise reasonable diligence to assure that the court file accurately reflected the court's action, given the somewhat unorthodox manner in which that action took place. He took no steps and made no inquiry at all concerning this file for over a year and a half, despite the resounding silence of his opponent and of the clerk's office. The defendant is entitled to rely on the last official notice of case status from the court, that of the dismissal of March 1992. This was also the last official notice of case status received by the plaintiff. When nothing to the contrary of an official nature was received by plaintiff's counsel within a reasonable time after his meeting with the court of April 10, 1992, he had a duty to follow up, with appropriate notice to opposing counsel. He cannot now rely on two year's worth of his own inaction to salvage his case.
The Motion for Articulation is denied.
PATTY JENKINS PITTMAN, JUDGE