[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN
I.
On June 28, 1991, this negligence action was dismissed pursuant to Practice Book § 251 for failure to prosecute with reasonable diligence. The plaintiff filed a motion to reopen alleging that she had not received notice of the dismissal; her motion was denied without a hearing and that ruling was sustained, Morelli v. Manpower, Inc., 29 Conn. App. 132 (1992) and then reversed, 226 Conn. 831 (1993). On remand, the CT Page 2197 Appellate Court has directed this court to provide the plaintiff the opportunity to present evidence on the issue of notice. The hearing was held on January 3, 1995.
The facts in this case are not at issue. The plaintiff is seeking damages for injuries sustained while working at Sears Roebuck Co. in Bristol, Connecticut. She maintains that an employee of Manpower, Inc. negligently placed boxes on a shelf behind the plaintiff's work station and that the boxes fell on her causing certain injuries. Manpower, Inc. filed a third party action against Sears Roebuck Co. claiming breach of contract and indemnification. While the plaintiff had closed the pleadings in her suit against the named defendant, the third party action had stalled, thus impeding the progress of the plaintiff's case. The plaintiff thus received a dormancy calendar for April 17, 1991, warning of a dismissal date of June 28, 1991. Counsel were not required to appear at the call, unless they sought exemption, and counsel were further ordered to take immediate steps to comply with the notice.
The plaintiff immediately filed several motions including a motion to separate, a motion to dismiss the third party action, and a motion for exemption. The motions appeared on the short calendar of April 29, 1991. According to the transcript, plaintiff's counsel clearly alerted the court of the necessity for action on the motions stating:
 [s]imply what precipitated this is the plaintiff's case is on the dormancy list through no fault of the plaintiff. The pleadings were closed as far as the defendants were concerned in August 1990.
 The motion to implead, Your Honor, was made on May 2d 1990, and to this date a year later the third-party complaint has not been completed; and I can't get it on the trial list until the third parties have finished their pleadings. There have been motions made and motions answered and denied, et cetera.
Counsel for the defendant, third party plaintiff, indicated that a motion to strike the third party complaint CT Page 2198 was pending and that "we're certainly not trying to prejudice the plaintiff's case." He further added "[i]f your Honor would like to exempt the case from dormancy, that would be fine. We're certainly not asking the plaintiff's case to be dismissed." After some discussion, the third party litigants agreed to have the pending motion heard on May 20, 1991 but after the plaintiff reminded the court of the dormancy dismissal date of June 20, 1991, the hearing date was moved forward to May 13, 1991. The motions were evidently not argued on that date and the plaintiff reclaimed all motions which then appeared on the May 28, 1991 short calendar. According to plaintiff's counsel, the short calendar judge indicated that the matters would be referred back to the judge that had scheduled the hearing. The matters were then continued to June 10, 1991 as a result of the absence of one of the third party litigants. The matters did not appear on the calendar for June 10, 1991 but, according to all counsel, an agreement was reached that further argument on all motions would be deferred until the defendant's summary judgment motion was decided. The June 28, 1991 dismissal date passed and on July 5, 1991, a computer notice was sent by the clerk's office indicating that the judgment of dismissal had entered on June 28, 1991 and that a motion to reopen must be filed within four months from that date.
It was after this notice was sent — in fact, on July 9, 1991 — that the defendant filed its motion for summary judgment. The plaintiff filed her response on November 7, 1991. The motion was to be heard at short calendar on November 25, 1991 but, during a phone call on November 19, 1991, the plaintiff's attorney was advised by the defendant's attorney of the June dismissal. A motion to reopen the dismissal was filed on November 21, 1991, and, as indicated, denied on December 9, 1991[1] on account of the four-month rule, General Statutes § 52-212a; P.B. § 326. See, Serrano v. Behar,15 Conn. App. 308, 311 (1988).
 II.
The plaintiff maintains that she did not receive the July 5, 1991 computer notice. As stated by the Appellate Court in Morelli, supra, 34 Conn. App. 423, in describing a computer notice
This is a standard notation used to CT Page 2199 indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record. Such a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary.
Both parties in opposition received the notice of dismissal and they argue that this suggests that the plaintiff also received the notice but that she "lost, misfiled, or destroyed it without ever noting its substance." (Third Party Defendant's January 3, 1995 Memorandum, p. 8). They also argue that under these circumstances, in which the plaintiff clearly received the dormancy calendar and took certain actions, actual notice was, in fact, received regardless of whether the plaintiff received the computer notice.
This second argument certainly has some merit — but it is not the law in this state. The dormancy calendar states, in relevant part:
DORMANT CIVIL CASES
 IMPORTANT NOTICE
 The cases on this list do not appear to have been prosecuted with reasonable diligence and are subject to the application of Practice Book Section 251. Therefore, it is ordered by the Court on its own motion, that these cases be dismissed on June 22, 1991 unless they are withdrawn, disposed of by final judgment, claimed to a trial list, or exempted for a good cause.
A dormancy judgment is different from other situations. The court advises all parties that dismissal will occur on a certain date unless the parties take certain actions. It is unlike normal matters in which, after argument, the parties know that on some future date a decision will be made.
The plaintiff, however, maintains that this should not be analyzed as a garden variety dormancy dismissal. She CT Page 2200 argues that as the pleadings had been closed with the defendant, she should not be penalized for the delay causing pleading war between the opposition. Indeed, she stresses that she filed a motion to sever the third party action so that she could prosecute her case. That motion, although argued, in part, had been continued by the court to a date when a number of motions could be heard together. It was ultimately the defendant that suggested the motions not be heard until the summary judgment motion was filed; and that motion was not filed until July 9, 1991 — well after the June 28, 1991 dismissal. The plaintiff thus argues that as the defendant treated the case as pending, the pre-dismissal notice on the dormancy calendar is not, in this case, controlling. This court agrees.
In light of the circumstances surrounding the parties' actions, it is not unreasonable for the plaintiff to assume that a dormancy dismissal would not issue until after the various pending motions, including the motions for exemption from the dormancy list filed on April 15, 1991 and June 10, 1991 were decided.[2] These motions, however, while argued, in part, were never fully concluded due to various delays and an agreement between the parties not to go forward until after disposition of the defendant's motion for summary judgment. These motions, therefore, remained pending on June 28, 1991.
The plaintiff's attorney represented that he never received the June dismissal notice. This court certainly has no reason or evidence to dispute these statements. Thus, as a result of plaintiff's representations together with the defendant's further pleading, this court is satisfied that the plaintiff has rebutted the presumption of receipt of notice. As reiterated by the Appellate Court in Morelli supra,34 Conn. App. 423,
 [I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open [citing] Noethe v. Noethe, 18 Conn. App. 589, 595
(1989).
Indeed, and most importantly, the Noethe decision also states CT Page 2201 that
 [w]e have indicated that for the purpose of opening a default judgment pursuant to General Statutes § 52-212, a delay in notifying the defendant of the judgment "would merely extend the time in which the defendant could move to set aside the judgment." DiSimone v. Vitello, 6 Conn. App. 390, 393, 505 A.2d 745 (1986). We find this reasoning applicable to motions to open judgments brought pursuant to General Statutes § 52-212a and Practice Book § 326 as well.
Id., 595-6.
 III.
There is, finally, another reason that supports a reopening of the judgment. In remanding for a factual hearing, the Appellate Court enabled this court to have all the facts surrounding these events. It appears to the court that the plaintiff was clearly led by the defendant to believe that it would not object to a dormancy exemption. In fact, defendant's counsel stated, as previously indicated, "[i]f your Honor would like to exempt the case from dormancy that would be fine. We're certainly not asking the plaintiff's case to be dismissed." Moreover, the defendant later suggested that a motion for summary judgment, not yet filed, be heard before other motions including the motions between it and the third party defendants which had actually caused the delay. The defendant's actions in opposing the motion to reopen are disingenuous and it should not benefit from the dismissal.
Practice Book § 6 states that "the design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." The earlier dismissal certainly did not advance the interests of justice. Therefore, having found that the plaintiff did not receive the July 5, 1991 computer notice and that the dormancy notice did not suffice to give actual notice, the motion to reopen is granted. CT Page 2202
Berger, J.