[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the motion of defendant Raymond E. Doolittle to open a judgment entered against him on July 19, 1994. The movant claims that this court has jurisdiction to decide a motion to open a judgment entered more than four months before the filing of the motion to open because he did not receive notice either of the default or of the judgment because at the relevant times he lived in Colchester, not in East Haddam, the address to which the motion for default and all subsequent notices were sent. At the hearing on the motion to open the judgment, the parties stipulated that the court should decide the issues concerning the application of the four-month deadline imposed by General Statutes § 52-212a and Practice Book § 326 on the basis of the sworn affidavits in the file. This stipulation was put on the record even though the court brought to the attention of plaintiff's counsel that no affidavit had been filed on behalf of the plaintiff concerning the relevant issues.
In Morelli v. Manpower Inc., 34 Conn. App. 419 (1994) (a case that has been cited by neither of the parties), the Appellate Court ruled that the four-month deadline for opening a judgment does not impose an absolute bar to opening a judgment beyond that time, and that the time limit does not apply where the movant did not receive notice of the judgment. The Appellate Court ruled that where a party seeking to open a judgment claims lack of notification as a reason for not moving to open within four months, that party is entitled to a hearing to rebut the presumption that notice of the judgment has been sent and received. Morelli v. Manpower, 34 Conn. App. 423.
Having been afforded an opportunity to present evidence, the movant rested on the affidavit of Raymond E. Doolittle, who CT Page 3966 adopted by reference the statement made in the motion that "all motions, notice and other documents related to this case were sent to an address in East Haddam, Connecticut. Mr. Doolittle, however, lives in Colchester, Connecticut. As a result, Mr. Doolittle did not receive actual notice of judgment until the plaintiff executed upon his bank account." The plaintiff did not object to the admissibility of the affidavit.
The plaintiff offered neither testimony nor an affidavit to counter the movant's denial of receipt of notice nor to establish that Mr. Doolittle's last known address was in East Haddam. Examination of the court file reveals that plaintiff's counsel certified on the notice of judgment, which bears a clerk's office stamp dated November 9, 1994, that he sent notice of the judgment to defendant Doolittle at 110 Lake Shore Drive, East Haddam, Connecticut. The oral arguments by plaintiff's counsel were not supported by evidence, and the ruling in Morelli suggests that the issue of notice must be established by the kind of evidence admissible at a hearing rather than by unsworn assertions by counsel. Plaintiff's counsel did not request a continuance for the purpose of presenting testimony.
Practice Book § 354 requires counsel of a party obtaining a judgment upon a default for failure to appear to mail a notice of the judgment "to the party against whom it is directed." Practice Book § 122 provides that service to a party shall be made to "his last known address." The plaintiff has presented no competent evidence to counter the movant's evidence that his last known address was in Colchester, not in East Haddam.
The court finds that under the circumstances shown by competent evidence at the hearing required pursuant to Morelli v.Manpower, the movant did not receive notice of the judgment until February 27, 1995, when his bank account was reported to have been executed upon, and that he moved to open the judgment within four months of that date of receipt of notice of the judgment. Accordingly, this court finds that the motion to open the judgment is timely.
A motion to open a judgment should be granted if the movant shows "reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of judgment, and that the [movant] was presented by mistake, accident or other reasonable cause from presenting the action or making the defense." General Statutes § 52-212(a). CT Page 3967
The court finds that the movant has satisfied both requirements. He claims as a defense that the guarantee which was the basis of his claimed liability was extinguished by a renegotiation. The notice issue described above establishes that he was prevented from pursuing his defense by reasonable cause, in that notices and pleadings were not shown to have been sent to his last known address.
The motion to open the judgment as to Raymond E. Doolittle is granted.
Beverly J. Hodgson Judge of the Superior Court