[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the defendant's motion to open a judgment entered more than three years ago. Examination of the court file reveals that this case was commenced by service on the defendant at 3 Morgan Drive, Sandy Hook, Connecticut, on September 10, 1990 and that the court Schaller, J. entered judgment CT Page 4211 against the defendant upon a default for failure to appear on October 25, 1990. Because an appearance was filed pro se by the defendant on the same date on which judgment entered, the judgment was opened and on December 21, 1990 the plaintiff moved to default the defendant for failure to plead. That motion was granted by the clerk. The plaintiff then filed a motion for judgment, certifying that a copy of the motion was sent to the defendant at P.O. Box 421, Southport, CT 06490, the address set forth on the only appearance form for the defendant contained in the court file.
The court entered judgment on December 2, 1991. The form setting forth the terms of the judgment contains the clerk's notation "JDNO 12/12/91". That notation signifies that on December 12, 1991 a notice of the judgment was sent to all pro se parties and counsel of record at the addresses supplied in their appearance forms.
The defendant alleges that the judgment should be set aside because 1) it was obtained by fraud and 2) he had no notice of the entry of judgment.
When a party against whom judgment has entered moves to open that judgment after the expiration of the four month period allowed by General Statutes § 52-212(a) and P.B. § 326 and asserts either fraud or lack of receipt of notice of the judgment, the court must conduct a hearing to determine those issues. Kenworthy v.Kenworthy, 180 Conn. 129, 130 (1980); Morelli v. Manpower, Inc,34 Conn. App. 419 (1994).
At the hearing on his motion to open the judgment, the defendant confirmed that he had filed an appearance identifying the above mailing address and that he had filed no further appearances to change the address to which notices were to be sent by the court. The defendant also asserted in his affidavit, to which plaintiff made no objection, that between December 1991 and May 1992 he was represented by an attorney and that he "expected that [the attorney] would take necessary action to allow me to defend this action on the merits, rather than allow a default judgment to remain unopened". (Affidavit, para. 15, 17)
This court finds on the basis of the above statements and the inferences that flow from them that, more probably than not, the clerk's office indeed sent notice of the judgment to the defendant and that he entrusted it at some undetermined time to counsel who undertook negotiations with the defendant without moving to open CT Page 4212 the judgment within the time allowed. Lack of notice is therefore not a basis to allow the defendant's belated motion. The court did not find credible the defendant's testimony that he never received notice of the judgment, given the statements in his affidavit about his expectation that counsel would move to open that judgment.
The defendant has likewise failed to establish that the judgment was procured by fraud, as in Kenworthy. The judgment at issue was not entered into on the basis of a stipulation of the parties as in Kenworthy but was the result of entry of a default. The defendant has not alleged that he was in any way prevented by the plaintiff from curing the default by filing a pleading pursuant to P.B. § 363A.
Plaintiff's counsel certified that he sent the motion for judgment upon default to the pro se defendant at the address stated on the defendant's appearance form, as required by P.B. §§ 121-123 and plaintiff has not been shown to have failed to comply with any procedural rule in obtaining judgment upon default.
The defendant has failed to prove that the judgment was obtained by fraud or that he was prevented by lack of notice of the judgment from moving to open it within the four months allowed pursuant to General Statutes § 52-212a and P.B. § 326.
The motion to open the judgment is denied.
Beverly J. Hodgson, Judge of the Superior Court