[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case, which involves a judgment for the plaintiff, George Pantzis, entered on September 29, 1994, in the amount of $175,000 after an uncontested hearing in damages, has been the subject of two previous memoranda of decision by this court dated July 7, 1994, and October 28, 1994. In the latter of the two decisions the court discussed Practice Book § 354, which requires that plaintiff's counsel notify a defendant that a default judgment has entered against that defendant ("[a] notice of every . . . judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be mailed forthwith by counsel of the prevailing party to the party against whom it is directed. . . ."). Plaintiff's counsel did not notify the defendants of the judgment against them until January 4, 1994, and it was therefore determined that the defendants' motion dated February 17, 1994 to open or vacate the judgment was filed in a timely fashion and this court did have jurisdiction to entertain the motion.
As pointed out in the prior decisions, the clerk of this court certified on March 11, 1992 that "notice of entry of default" was sent to all non-appearing defendants, but the two defendants, Hasmukh Patel and Mahendra Patel, filed revised affidavits, both dated July 19, 1994, in which they claim that they "did not receive notice of entry of default allegedly forwarded by the Clerk of the Court to non-appearing defendants on March 11, 1992." This claim by the defendants of lack of notice of the entry of resulted in this court conducting a factual hearing as required by Morelli v. Manpower, Inc.,34 Conn. App. 419, 423, 642 A.2d 9 (1994).
At issue in the hearing was whether the defendants, as they now assert, did not receive notice of the entry of default against them as certified by the clerk on March 11, 1992. The defendants argue that if such a notice was not sent to them, then a judgment was never officially entered and the filing of an appearance on their behalf automatically vacated the default for failure to appear. Practice Book § 352. A clerk of the court testified at the hearing that the file contained a stamp and his signature that notice of entry of a default for failure to appear had been sent to "all-nonappearing defendants" and that he would have obtained the address from the certification of the plaintiffs counsel contained in the motion for default for failure to appear. This address in New Haven was the correct address for the defendants. The clerk further testified that he processes hundreds of similar motions for default and obviously CT Page 6513 did not remember this particular case, but he explained his usual procedures and stated that he had no reason to believe there was any deviation from such procedures in this case. The defendants claim that there is a "possibility" that notice of the default was not sent to them, but this claim is not credible. Moreover, there is a presumption that a clerk will fulfill his responsibilities. Brookfield v. Candlewood Shores Estates Inc.,201 Conn. 1, 5-6, 513 A.2d 1218 (1218).
In addition, in their first affidavit in this case, the defendants did not assert a claim that notice of the entry of default was entered against them. It was only after this fact was pointed out in an earlier memorandum of decision that the defendants first asserted this defense. Based on the testimony from the clerk and from the defendants, it is found !that the clerk did send out the notice of default for failure to appear and that the defendants did receive such notice.
Although judgment entered on September 29, 1993, after a hearing in damages was concluded, the defendants also argue that, because the plaintiff did not send out a Practice Book § 354 notice until January 4, 1994, the filing of a notice of appearance on behalf of the defendants on February 18, 1994, automatically opened the default originally entered in March, 1982, because no valid judgment had been entered. See Practice Book § 352 regarding setting aside of defaults prior to the entry of judgment. On the contrary, the court finds that judgment had entered in September, 1994, but the four month period for opening judgments did not commence to run until the Practice Book § 354 notice was sent, which means that in this case such motion was timely filed and needs to be addressed on its merits.
Both General Statutes § 52-212a and Practice Book § 377 provide that such a motion can be granted upon a showing that "reasonable cause" existed, "or that a good cause of action or defense . . . existed at the time of the rendition of the judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." According to Jaconski v. AMF, Inc., 208 Conn. 230, 237,543 A.2d 728 (1988), a "two-prong test" to open a judgment is required, viz., "(1) that a good [defense], the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the [defendant] was prevented from [defending] the action because of mistake, accident or other reasonable cause." CT Page 6514
The court finds that the defendants have met this two-pronged test. The defendants attest that they know nothing about an alleged protrusion from underneath the bed, over which obstruction the plaintiff allegedly tripped, and that the plaintiff was contributorily negligent. Secondly, the defendants testified convincingly that they had little experience in litigation, and that their one previous experience consisted of forwarding a claim letter to their insurance carrier and that they never heard of the matter again. In this case, they sent their carrier a notice of claim sent by Attorney M.A. Pugliese in which the attorney states that the defendants "should refer this letter to your insurance carrier or agent," and they assumed, based on their prior experience, that the carrier would thereafter process the case and would do everything necessary, including responding to the motion for default.
The defendants conceded that it was a mistake on their part not to contact their insurance carrier, but the granting of their motion is premised on the belief that "not all deviations from ideal performance constitute negligence, and that a limited class of deviations may be excusable because they were the result of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) Jaconski v. AMF, Inc., supra, 208 Conn. 239. This case also stands for the proposition that "a reasonable degree of liberality should be exercised in determining whether a default has resulted from excusable neglect." (Emphasis in original). Id., 238.
Based on the facts as elicited at the "Morelli" hearing, and recognizing that the line between a "mistake" and "negligence" is a fine one, the court grants the motion to open and set aside the judgment of September 29, 1994, and the case is therefore returned to plea and motion status.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of June, 1995.
William B. Lewis, Judge