[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO REOPEN AND SET ASIDE JUDGMENT
The defendant has moved to re-open and set aside a default judgment entered against him on May 17, 1995. Because this motion was filed more than four months after the date of such judgment, the court held an evidentiary hearing on January 22, 1996 pursuant to the dictates of Morelli v. Manpower, Inc., 34 Conn. App. 419
(1994).
The only witness at the above hearing was the plaintiff. Based upon such testimony the court finds that the following events occurred.
The defendant was personally served with suit papers on December 29, 1994 which he turned over to Charles Graham, an attorney in the office of the Corporation Counsel for the City of West Haven. The defendant was led to believe that the case would be handled by that office. No appearance was filed on behalf of the defendant which fact was not known to him at the time.
On April 20, 1995 a default for failure to appear was entered against the defendant and notice presumably sent to him at his address stated on the summons which address was that of City Hall and not his residence address. The defendant did not receive such notice of default. On May 17, 1995 a judgment in the amount of $25,000 was entered against the defendant after a hearing in damages.
As required by Practice Book § 354 the plaintiff did not mail a notice of the judgment to the defendant at his last know address as per Practice Book § 122. The defendant's first notice of the default judgment was on or about September 22, 1995 when he was made aware of post judgment interrogatories which had been issued.
Based upon the above facts, the court finds that the motion to reopen and set aside the judgment is timely and not barred by the four month time limitation of Connecticut General Statutes §52-212(a). See Morelli v. Manpower, supra; and Shoreline Bank andTrust Co. v. Davidson, CV-94-0359522 (Sup. CT, New Haven, April 5, 1995).
In order for the defendant's motion to be granted he must show "reasonable cause or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . ., and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." Connecticut General Statutes § 52-212(a). CT Page 769
The defendant in this case referred the suit papers to a representative of the Corporation Counsel's Office and justifiably believed that his interests were being protected. He claims he has a defense to this action which he wishes to assert. The default judgment in the case was entered against the defendant though no fault of his.
Accordingly the motion to reopen and set aside judgment is granted.
Bruce W. Thompson, Judge