PAUL HABURA *v.* MARIAN KOCHANOWICZ ET AL.
(13010)

Lavery, Spear and Stoughton, Js.

Argued December 7, 1995—decision released March 12, 1996

*George J. Markley,* for the appellant (plaintiff).

*Ruth Beardsley,* for the appellees (defendants).

STOUGHTON, J. The plaintiff appeals from the granting by the trial court of the defendants' motion to open a judgment rendered after a hearing in damages.

The plaintiff instituted suit by abode service of a complaint on August 14, 1992. The complaint alleged that the defendants owned real property in Seymour and that, while the plaintiff was on the premises as an invited guest, he fell into a pool and sustained injuries as a result of the defendants' negligence.

The trial court granted a motion for default against the defendants for failure to appear and, on November 24, 1992, awarded damages to the plaintiff in the amount of $200,000. The defendants moved to open the judgment on June 15, 1993, and the motion was granted.

The plaintiff has appealed arguing that the trial court improperly (1) opened the judgment more than four months after it had been rendered, (2) found that the defendants did not have notice of the judgment until May 27, 1993, (3) failed to consider or apply applicable presumptions regarding issuance and receipt of trial court notices, and (4) opened the judgment when the defendants failed to demonstrate reasonable cause for their failure to appear prior to the rendering of the judgment.

The trial court made the following findings of fact that are relevant to this appeal. "[T]he defendants never received actual notice. They had left on an extended trip to Poland at the time the original abode service of process was made. . . . [T]he defendants, who speak and understand English poorly, did not have notice of

entry of any judgment against them until they received a May 27, 1993 letter from the plaintiff's attorney. . . . [Their] defense is that the injury occurred when the plaintiff's wife pushed him and caused him to fall. If proved, this would be a good defense. . . . Despite the fact that there had been negotiations between the plaintiff and the defendants' insurance carrier, prior to issuance of the writ, not until May 27, 1993, six months after the judgment, did the plaintiff notify the defendants and their insurance carrier of the entry of this judgment."

I

The plaintiff first claims that the trial court improperly granted the motion to open more than four months after the judgment was rendered.

General Statutes § 52-212 provides in part: "(a) Any judgment rendered . . . upon a default . . . may be set aside, within four months following the date on which it was rendered . . . upon the . . . written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." Practice Book § 377 is cast in similar terms.

General Statutes § 52-212a provides in part: "Unless otherwise provided by law . . . a civil judgment . . . may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered . . . ." Practice Book § 326 has similar provisions.

Where the defendants have not received notice of the default judgment, however, the time within which they may move to set aside the judgment is extended by the delay in notification. *DiSimone* v. *Vitello*, 6 Conn.

App. 390, 393, 505 A.2d 745 (1986). "[I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." *Noethe* v. *Noethe*, 18 Conn. App. 589, 595, 559 A.2d 1149 (1989).

In the present case, the trial court found that the defendants did not have notice of the judgment against them until they received the letter dated May 27, 1993. The motion to open the judgment was filed on June 15, 1993, well within the statutory four month period from the date that the trial court found the defendants had received notice.

II

The plaintiff next claims that the trial court improperly found that the defendants did not receive notice of the entry of judgment against them until May 27, 1993. The existence of notice, actual or constructive, is a question of fact for the trial court. *Noethe* v. *Noethe*, supra, 18 Conn. App. 596. "The factual finding of a trial court on any issue is reversible only if it is clearly erroneous." *Sportsmen's Boating Corp.* v. *Hensley*, 192 Conn. 747, 750, 474 A.2d 780 (1984); Practice Book § 4061. "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn 217, 221–22, 435 A.2d 24 (1980).

The plaintiff claims that "the defendants claim in this case that they had no notice of the judgment, despite the fact that the court's file would suggest that notice was mailed to them by the clerk of the court, was not credible." Here, testimony was given by four witnesses, both defendants and their two children, to the effect

that the defendants did not receive notice of the judgment against them until May 27, 1993. It was for the finder of fact to hear their testimony and observe their demeanor. Credibility of testimony is a matter for the trial court. *Sportsmen's Boating Corp.* v. *Hensley*, supra, 192 Conn. 752.

## III

The plaintiff further claims that the trial court improperly failed to give effect to the presumption, based on standard notations in the court file, that the clerk of the court sent notice of a decision or order to the parties. "Such a notation raises a presumption that notice was sent and received *in the absence of a finding to the contrary.*" (Emphasis added.) *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 423, 642 A.2d 9 (1994). Here, evidence was given on this issue, and the trial court did make a finding to the contrary.[1] The trial court, therefore, was free to make and base its decision, as it did, on its finding that notice was not received until May 27, 1993. On the basis of that finding, the motion to open and vacate the judgment was timely made.

## IV

Finally, the plaintiff claims that the trial court improperly opened the judgment when the defendants failed to demonstrate reasonable cause for their failure to appear prior to the rendering of the judgment. The trial court, however, specifically found such reasonable cause, i.e., that the defendants did not receive the summons and complaint, and that their first notice of the action was on May 27, 1993. More than that is not required by either the statutes or the case law.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Furthermore, there is no suggestion in the trial court's memorandum that it was asked to consider any such presumption.