[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 22, 1996, the plaintiff, Helena Willett, filed a motion to open a judgment of dismissal rendered pursuant to Practice Book § 251. The plaintiff also filed an application for waiver of fees regarding her appellate court appeal on September 25, 1996. The defendants, Elderly Housing Management, LaPrise Quality Floor Covering, Inc. and Terminex International, Inc. all filed objections to the plaintiff's motion to open on the ground that the motion was filed more than four months after the entry of the judgment of dismissal.
This action was dismissed pursuant to Practice Book § 251, for failure to prosecute with reasonable diligence, on December 8, 1995. The notice of judgment states that a motion to open must be filed within four months of the date the judgment of dismissal was rendered. The plaintiff, appearing pro se, filed her motion to open on August 22, 1996, more than eight months after the § 251 dismissal.
"`"Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which it was rendered or passed." General Statutes § 52-212a; Practice Book § 326. Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered.' Van Mecklenburg v. Pan American WorldAirways, Inc., 196 Conn. 517, 518, 494 A.2d 549 (1985)." G.F.Construction, Inc. v. Cherry Hill Construction, Inc., 42 Conn. App. 119,123-24, ___ A.2d ___ (1996). The plaintiff has not argued that she did not receive notice of the judgment which would extend her time in which to move to open by the delay in notification. Habura v. Kochanowicz, 40 Conn. App. 590, 592, CT Page 8001672 A.2d 512 (1996). "`Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law.' (Internal quotation marks omitted.) Lemoinev. McCann, 40 Conn. App. 460, 465, 673 A.2d 115 (1996)." Zanoniv. Hudon, 42 Conn. App. 70, 77, 678 A.2d 12 (1996).
The plaintiff did not file her motion to open the judgment of dismissal within four months after that judgment was rendered, therefore this court is without jurisdiction to open that judgment. The plaintiff's motion to open is denied. The plaintiff's motion for fee waiver for an appeal is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court