[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this case is what kind of notice to a plaintiff is required to trigger the four month period in which a plaintiff is authorized to move to set aside or open a dormancy dismissal as required by General Statutes § 52-212a[1] and Practice Book § 326, now Practice Book (1998 Rev.) § 17-4.[2] The underlying action involves a two car collision occurring in Stamford on December 17, 1983. The plaintiff, Carol Ventura, was a passenger in a car driven by the defendant, Frank Ventura, her husband. This vehicle was owned by the defendants, Armand Ventura and Cynthia Ventura. The plaintiff alleges in the first count of her two-count complaint that the accident was due to the negligence of the named defendant, Juliet E. Carbonell, who was operating a vehicle owned by the defendants, Robert J. Carbonell and Nabisco Brands, Inc. The plaintiff also alleges in this count that the named defendant was negligent in a number of ways, including a failure to drive her car to the right.
In the second count of the complaint, the plaintiff alleges that the collision was also due to the negligence of the driver, Frank Ventura. According to the plaintiff, Ventura failed to keep CT Page 5363 his vehicle under proper control. The plaintiff also claims that she suffered injuries to her cervical and lumbar spines and to her chest. She also sustained contusions and abrasions.
The Carbonell defendants filed motion (# 106), dated September 26, 1995, seeking a "judgment of dismissal" in accordance with Practice Book § 251, now Practice Book (1998 Rev.) § 14-3,[3] on the ground that the plaintiff had failed to prosecute her action with "reasonable diligence." The plaintiff's action began on December 14, 1985. In their motion, the defendants asserted that: (1) the pleadings were closed, but the plaintiff had not claimed the case for a trial list; (2) the plaintiff had not complied with a request for disclosure/production dated June 23, 1986; (3) a nonsuit had entered against the plaintiff on November 14, 1986 for failure to respond to discovery, and that judgment had not been opened; and (4) the court's computer printout indicated that the plaintiff was no longer represented by counsel.
On October 10, 1995, in response to the defendants' motion to dismiss for lack of reasonable diligence, the court entered a nonsuit against the plaintiff pursuant to Practice Book § 251. A motion by the plaintiff to set aside or open this nonsuit was denied on November 12, 1997. On November 26, 1997, the plaintiff filed a motion (#213) to reargue this denial. This motion was granted on January 13, 1998, in order to reexamine the plaintiff's contention that the clerk's office of this court had inadvertently struck from its records the appearance of the law film of Daly, Weihing Bochanis, as counsel for the plaintiff. The plaintiff contends that as a result she never received notice of the dismissal of her case. Also, according to the plaintiff, her counsel never received notice of the filing of the Practice Book § 251 motion or the court's granting of said motion.
The plaintiff's motion for reargument was assigned for a "trial-like" hearing on February 20, 1998. See Roberts v.Roberts, 32 Conn. App. 465, 475, 629 A.2d 1160 (1993). There were no factual disputes raised at this hearing. The parties agreed that the appearance of counsel for the plaintiff had been mistakenly stricken, and therefore the court had not sent notice to the plaintiff's attorneys regarding the filing of the Practice Book § 251 motion or the granting thereof.
It is axiomatic that a Practice Book § 251 dismissal may be set aside only within four months after it was rendered. After CT Page 5364 the expiration of said period, the court lacks jurisdiction to open the dismissal. General Statutes § 52-212a; Practice Book § 326. See G.F. Construction. Inc. v. Cherry HillConstruction, Inc., 42 Conn. App. 119, 124, 679 A.2d 32 (1996). However, this rule is conditioned on the plaintiff receiving notice of the dismissal, to trigger the four-month period. Noethev. Noethe, 18 Conn. App. 589, 595, 559 A.2d 1149 (1989); DiSimonev. Vitello. 6 Conn. App. 390, 393, 505 A.2d 745 (1986). In this case, the parties agree that the court itself sent no such notice to the plaintiff. The defendants argue, however, that in addition to official notice from the court, the four-month period also starts to run when the plaintiff receives actual notice, citingHandy v. Minwax Co., 46 Conn. App. 54, 698 A.2d 339; cert. denied, 243 Conn. 921, 701 A.2d 342 (1997).
The Ventura defendants contend that they sent notice of the Practice Book § 251 dismissal to the plaintiff's counsel on December 9, 1996. The document sent to the plaintiff on that date indicates that this case was dismissed on October 10, 1995.[4]
There is no factual dispute regarding whether the plaintiff received this document, but waited about ten months, until October 17, 1997, before filing a motion to set aside or open such dismissal.
In Handy v. Midwax, supra, 46 Conn. App. 57, the court found that a letter from the defendant's counsel to the plaintiff's attorney stating that the case had been dismissed caused the four-month period to begin to run. The court stated: "[The plaintiff] argues that the date of the letter [from the defendant's lawyer] is the notice date and so his motion to open was timely. We agree." Thus, if a letter from opposing counsel can trigger the beginning of the four month period, it seems logical that a court pleading would have the same effect. Moreover, the pleading in the present case contains a certification from defendants' counsel that a copy thereof was sent to the plaintiff's counsel.
In support of her motion to set aside or vacate the Practice Book § 251 dismissal, the plaintiff contends that (1) she never received two weeks notice from the court that her case was subject to dismissal as required by Practice Book § 251; (2) she never received notice from the court that her case had been dismissed on October 10, 1995, as required by Practice Book § 398, now Practice Book (1998 Rev.) § 7-5;[5] (3) the notice of December 9, 1996, indicating that the case had been dismissed, CT Page 5365 was sent to her by the Ventura defendants, and not by the Carbonell defendants, the parties who actually filed the § 251 motion to dismiss; and (4) the plaintiff had complied with the Carbonell defendants' motion for interrogatories/production.
The court agrees that all four of the above contentions are accurate. However, the court also believes that they are irrelevant under the circumstances. Handy v. Minwax does not require a court notice of a dismissal to trigger the beginning of the four month period. In the present case, the plaintiff received notice from a party defendant on December Minwax does not require a court notice of a dismissal to trigger the beginning of the four month period. In the present case, the plaintiff received notice from a party defendant on December 9, 1996, stating that the case had been dismissed on October 10, 1995. The plaintiff, however, did not move to set aside or open that dismissal until October 17, 1997, about ten months after receiving the notice.
The plaintiff cites two cases she argues stand for the proposition that a court notice of a judgment of dismissal is required, rather than merely some form of notice from another party, Morelli v. Manpower, Inc.34 Conn. App. 419, 642 A.2d 9 (1994), and Habura v. Kochanowicz,40 Conn. App. 590, 672 A.2d 512 (1996). The Morelli case provides that a trial-like hearing is required to present evidence as to whether the plaintiff received notice of a judgment. The case does not specify what kind of notice is required and from whom. Id., 423-24. The Habura case refers to a letter sent by the plaintiff's lawyer to the defendant advising of the entry of a judgment six months prior thereto. The trial judge found that the defendants had not received a court-generated notice. The court held that the four month period to set aside the judgment began upon receipt of the letter from the plaintiff's counsel and that the defendants had moved in a timely manner to open and vacate the judgment. Id., 593.
The reasons advanced by the plaintiff and the cases cited in opposition to the dismissal of her case are not persuasive. Accordingly, the motion by the plaintiff to open the nonsuit entered on October 10, 1995, is denied because the motion was not filed within four months after the plaintiff received notice of the dismissal, thus depriving the court of jurisdiction to vacate the dismissal. CT Page 5366
LEWIS, J.