[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court is the defendants' motion for reconsideration of this court's denial of the defendants' motion to "reopen"[1] judgment. The parties each filed briefs in connection with the original motion to open. They have also filed additional briefs and documents to accompany and oppose the motion for reconsideration. The court held a hearing on this matter on April 25, 1999. After careful review of the `parties' briefs and exhibits, this court finds that the defendants' motion to open was properly denied in the first instance.
ISSUE PRESENTED
The issue presented for this court is whether the defendants CT Page 5765 are entitled to the granting of their motion to open which was reclaimed more than 2 years after the judgment had entered. For reasons more fully set forth below, this court holds that the defendants' motion to open should be denied.
PERTINENT FACTUAL BACKGROUND
The following facts are relevant to the disposition of the defendants' motion. On October 23, 1991, the plaintiff Jay McLaughlin was proceeding eastbound in his automobile on Spring Street in Southington when he collided with a cow that was standing in the middle of the roadway. The cow was owned by the defendants Stanley and Josephine Smoron. The Smorons own a farm that directly adjoins Spring Street, and the cow had apparently wandered off the farm and into the roadway. As a result of the collision, the plaintiff was seriously injured and the cow was killed.
On October 1, 1992, the plaintiff filed an application for prejudgment remedy against the defendants. On October 14, 1992, each defendant received in-hand service of process. Also on that date, the New Britain Probate Court declared Stanley Smoron incompetent and appointed Josephine Smoron as his voluntary conservator.
Thereafter on December 28, 1992, the defendants, through counsel, appeared in this action. On January 26, 1993, after a hearing on the plaintiff's prejudgment remedy application, the court ordered that the defendants' estate be attached in favor of the plaintiff in the amount of $45,000.
On February 25, 1993, the defendants were again served with service of process and, on March 11, 1993, the plaintiff filed a signed, one-count complaint in negligence against both defendants in their individual capacity.
On October 29, 1993, a little over a year from the time that she was first appointed conservator, the New Britain Probate Court terminated Josephine Smoron's conservatorship of Stanley Smoron. On November 8, 1993, the defendants' counsel moved to remove his appearance in the action, and that motion was granted on September 14, 1994.
Because after the withdrawal of the appearance of defense counsel there was no appearance filed on behalf of the defendants CT Page 5766 in the action, the plaintiff on November 4, 1994 moved for default for failure to appear. The clerk's office granted that motion on November 11, 1994. The clerk's office then sent notice of the default for failure to appear to the defendants on April 13, 1995 to the address stated in the February 25, 1993 Sheriff's Return.
On March 16, 1995, the plaintiff claimed the action to the hearing in damages list, and on August 23, 1995, a hearing in damages was held. The defendants did not appear at that hearing, despite the fact that the hearing had been marked "off" by the court many times before it was actually held so that an appearance on behalf of the defendants could be entered. Following the hearing in damages, the court entered judgment in favor of the plaintiff in the amount of $385,000.
In February of 1996, the State of Connecticut was appointed temporary conservator for both defendants. On March 29, 1996, Attorney Daniel Silver entered an appearance in this action on behalf of the defendants. On that same day Attorney Silver moved to open the judgment entered on August 23, 1995.
On April 19, 1996, Stanley Smoron died. On May 28, 1996, Attorney Silver moved to withdraw as counsel for the defendants. Also on May 28, 1996, Attorney Silver wrote a letter to the appointed conservator for the defendant Josephine Smoron stating that pursuant to their conversation, he was withdrawing from the case and suggesting that the conservator should retain counsel to argue the motion to open judgment filed on March 29, 1996. On June 10, 1996, the court granted Attorney Silver's motion to withdraw.
Over two years later, on September 8, 1998, present counsel for the defendants entered an appearance in this action. Counsel also reclaimed the March 29, 1996 motion to open judgment. The motion was considered without argument. On January 29, 1999, this court denied the motion, without written decision. Defendants' counsel then moved for reconsideration, and it is this motion for reconsideration that is presently before the court.
LEGAL DISCUSSION
 Notice
At the outset, this court must determine whether it has CT Page 5767 jurisdiction to open the judgment. A "court has no jurisdiction to open a judgment beyond the four month period described in General Statutes § 52-212a and Practice Book § [17-4 (a)]." (Internal quotation marks omitted.) Morelli v. Manpower.Inc., 34 Conn. App. 419, 423, 612 A.2d 818 (1994); see also Practice Book § 17-43(a); Habura v. Kochanowicz,40 Conn. App. 590, 592, 672 A.2d 512 (1996).
Although the plaintiff makes no argument in his brief in opposition to the motion to reconsider concerning the timeliness of the defendants' motion to open, the plaintiff argued in his original brief in opposition to the motion to open that the motion was untimely. There, the plaintiff argued that this court lacked jurisdiction to open the judgment because the defendants filed the motion to open more than four months after receiving notice of the judgment. Specifically, the plaintiff argued that the court file indicated that the court clerk had sent out a "JDNO" on September 11, 1995, regarding the judgment entered against the defendants after the hearing in damages. Thus, the plaintiff argued, the defendants received notice of the judgment in September of 1995, and the motion to open filed in March of 1996 was untimely.
The obligation to notify the defendants of the judgment, pursuant to Practice Book § 17-22, rested solely with the plaintiff. Pursuant to Practice Book § 17-22, "[a] notice of every . . . judgment after default for failure to enter an appearance, which notice includes the terms of the judgment,shall be mailed within ten days of the entry of the judgment by counsel of the prevailing party to the party against whom it is directed and a copy of such notice shall be sent to the clerk's office."
(Emphasis added.)
In his brief in opposition to the motion to open, plaintiff's counsel stated: "While under Practice Book § [17-22], counsel for the plaintiff should have sent notice with a copy to the clerk's office along with proof of service, that notice would have been redundant if the Clerk had already notified the Smorons of the judgment against them. . . . Here, notice from the Clerk of the Court should have sufficiently alerted the Smorons of the need to reopen the judgment within four months." (Emphasis added.) (Pl.'s Mem. Opp. p. 2 n. 1.) CT Page 5768
There is nothing in Practice Book § 17-22 to indicate that counsel "should" have sent the defendants notice of the judgment. Quite to the contrary, the section states that counsel "shall" send notice to the defendants within ten days of the entry of the judgment. It is essential that the prevailing party send notice of the judgment to the defaulted party.
Here, the practical ramifications of counsel's failure to comply with the Practice Book section are plain. Had counsel sent the notice in a timely fashion as required by the Practice Book, under the present facts, the motion to open would clearly have been untimely, and this court would have been without jurisdiction to act on the motion. Habura v. Kochanowicz, supra,40 Conn. App. 592. But because counsel never sent the required notice, this court must inquire further in this matter.
The plaintiff also argued in his opposition memorandum that the defendants received notice of the judgment by virtue of a letter sent to them on October 4, 1995, from counsel retained by the plaintiff for the purpose of collecting on the August 23, 1995 judgment. Specifically, the plaintiff argued that that letter referenced the date of the judgment, the amount entered in favor of the plaintiff, the docket number of the action, and the parties named.
Plaintiff's counsel, however, did not attach an authenticated copy of the letter as an exhibit to oppose the motion, or offer the letter as an exhibit at the hearing held before this court. Therefore, although the letter may well have constituted actual notice to the defendants on October 4, 1995[2] of the judgment entered against them on August 23, 1995, counsel's failure to acquire and submit a copy of the letter precludes this court from considering the letter as evidence. Consequently, the court will not address this argument any further.
This court finds that there is insufficient evidence to support the plaintiff's claim that the defendants received any notice of the judgment entered against them on August 23, 1995. Therefore, the defendant's motion to open is timely.
"[I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." (Internal quotation marks omitted.) Morelli v. Manpower; Inc.,
supra, 34 Conn. App. 423; Fontaine v. Thomas, 51 Conn. App. 77, CT Page 5769 80 n. 3, ___ A.2d ___ (1998) (trial court correctly entertained motion to open where plaintiff's counsel failed to comply with Practice Book § 17-22); DiSimone v. Vitello,6 Conn. App. 390, 393, 505 A.2d 745 (1986) (lack of demonstrated compliance with Practice Book § 17-22 serves to extend four month time period within which party may seek to open judgment).
Reasonable Cause
Pursuant to Practice Book § 17-43(a), "[a]ny judgment rendered or decree passed upon a default . . . may be set aside upon written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same." Practice Book §17-43(a). Under this Practice Book section and General Statutes § 52-212 (b), there is a two part test that must be met before a court may open a judgment. The aggrieved party must demonstrate: (1) that a good defense existed at the time judgment was rendered; and (2) that the party seeking to disturb the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. See Cholewinski v.Conway, 14 Conn. App. 236, 240-41, 540 A.2d 391 (1988); Diaz v.Edwards, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 190173 (July 26, 1991, Katz, J.) (motion to open denied because defendant "knowingly" chose not to appear in suit and present a defense). "In granting or refusing an application to open a judgment, the trial court is required to exercise discretion and its decision will be set aside only for an abuse of such discretion." Pantlin Chananie DevelopmentCorp. v. Hartford Cement Building Supply Co., 196 Conn. 233,235, 492 A.2d 159 (1985).
The defendants argue that they were unable to appear as a direct result of their mental incompetency. As such, they claim that "reasonable cause" exists for their conduct, and the motion to open the judgment must be granted. While proof of mental incompetency may very well constitute reasonable cause for failure to appear, such is not established in this case. The defendants want this court to make determinations of incompetence based on the representations of counsel and acquaintances. This court would not presume to substitute its judgment for that of the tribunals that considered the issues relating to the mental CT Page 5770 states of the defendants.
Based upon the evidence in the record, and which was presented at the hearing, the court finds the defendants' were both deemed legally competent during pertinent periods of time. Therefore, their argument is unpersuasive.
The court finds that at all times relevant to whether Josephine Smoron had "reasonable cause" to not appear and defend in this action, she was legally competent. It was not until after the judgment in this action had entered that Josephine Smoron was declared legally incompetent and the State appointed as her conservator.
Therefore, from September 14, 1994, when Josephine Smoron was no longer represented by counsel in this action, she had an obligation to appear and defend the action or be faced with the very real possibility that judgment would enter against her. She chose, however, for whatever reason, not to do so.
There is no question that service of process on Josephine Smoron was properly effectuated on February 25, 1993, and therefore that is not an issue here. Moreover, the record reflects that on April 13, 1995, Josephine Smoron was sent notice by the clerk's office of her default for failure to appear in the action. Again, however, Josephine Smoron took no steps to protect her interests, and judgment ultimately entered against her on August 23, 1995.
Based upon the foregoing, the court finds that there exists no reasonable cause to open the judgment as to Josephine Smoron. The facts demonstrate that from the inception of the action to the time that judgment entered following the hearing in damages, Josephine Smoron was a competent adult. She had received service of process in this action and also notice of the default for failure to appear. She had not retained counsel to defend the action beyond the prejudgment remedy stage, and she never took any steps to defend the merits of the action. Under these circumstances, the court can only conclude that Josephine Smoron's conduct constituted inexcusable neglect to which no relief is warranted. See Trichilo v. Trichilo, 190 Conn. 774,462 A.2d 1048 (1983).
As for Stanley Smoron, the court also concludes that there exists no reasonable cause to open the judgment as to him. It is CT Page 5771 undisputed that on February 25, 1993, Stanley Smoron received service of process of this action. Moreover, although Josephine Smoron had been appointed his conservator on October 14, 1992, there is no legal requirement that Josephine Smoron as the conservator of Stanley Smoron, also be served with service of process. See Davis v. Chapman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341628 (July 22, 1998, Mottolese, J.). Thus, there can be no challenge to the jurisdiction of the court on the ground of insufficiency of process.
The facts also reflect that on October 29, 1993 the Probate Court terminated Josephine's conservatorship of Stanley Smoron.[3]
From October 29, 1993 to September 14, 1994 a legally competent Stanley Smoron was represented by counsel. When, on September 14, 1994, counsel's motion to withdraw his appearance for both defendants was granted, Stanley Smoron was without counsel.
Having been released from the care and protection of a conservator, when Stanley Smoron received notice on April 15, 1995 of the default against him for his failure to appear he had the same obligation as Josephine Smoron to appear and defend the action. He did neither, and judgment entered against him on August 23, 1995.
Although it is true that Stanley Smoron was adjudged incompetent by the Probate Court for a period of time, he was legally competent for g period of almost two years prior to the entering of the judgment. Additionally, Stanley Smoron received a default notice for failure to appear in this action four months prior to the entering of the judgment. Consequently, under these circumstances, the court cannot find any reasonable cause for why Stanley Smoron did not appear and defend in this action.[4]
CONCLUSION
Accordingly, for the foregoing reasons, upon reconsideration of the defendant's motion to open the judgment filed March 29, 1996, which motion this court previously denied on January 29, 1999, the court finds that the motion to open judgment was properly denied in the first instance.
ANGELA CAROL ROBINSON, JUDGE, SUPERIOR COURT CT Page 5772