[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO SET ASIDE JUDGMENT #107
After an extensive evidentiary hearing and a review of the briefs of plaintiff and defendant filed on February 11 and February 16, 1999, the court finds the following:
On or about January 6, 1994, plaintiff commenced a small claims action Docket No. SC4-183184, against Discount Auto Sales, alleging, that the used 1986 Delta 88 Oldsmobile he purchased October 21, 1993 was defective. Issue was joined by the defendant when an answer was filed on its behalf by Warren Ford. Thereafter, a hearing was held before a Magistrate and on March 29, 1994 judgment entered for the defendant. Dissatisfied with the judgment, plaintiff, on May 23, 1994 brought a second small claims action Docket No. SC4-185397 against Discount Auto Sales, again seeking $2,000.00 in damages for a "deceptive sales transaction" regarding the claimed defective auto that Discount Auto Sales sold to him. As in the prior action, Warren Ford responded for the named defendant, however this time plaintiff prevailed and was awarded $140.00 in damages and $30.00 in costs.
It appears that the plaintiff, while successful in this small claims action, was unable to satisfy his judgment.
Thereafter, by complaint dated November 11, 1994, Docket No. CV94-0124149, plaintiff once again sued Discount Auto Sales seeking $50,000.00 in damages (paragraph 10 of the complaint), alleging "Deception, Sales of a Defective Not-Road-Worthy Automobile, Breach of Contract, (and) concealment of information" all involving the 1986 Delta 88 Oldsmobile. This time, the named defendant did not appear and was defaulted.
After a hearing in damages held on October 18, 1995, judgment for the plaintiff awarding him $37,589.68 in damages entered. When attempting, unsuccessfully, to satisfy his judgment, plaintiff learned that the named defendant was an assumed trade CT Page 6932 name of APL Automotive Consulting, Inc., and so by complaint dated March 20, 1997, bearing Docket No. CV97-0138541, plaintiff brought the present action against APL Automotive Consulting, Inc., d/b/a Discount Auto Sales, for losses sustained as a consequence of the "defect-ridden 1986 Oldsmobile Delta 88." Once again, service was made on Warren Ford, defendant's general manager, who was required by internal rules or regulations to notify Mr. P. Scarpa defendant's CEO, of any and all legal process served upon him in his managerial capacity.
Interestingly, the sheriff's return of service indicates that process was served upon Loren Ford, President, however, this scriveners error is of no moment since it is not raised as an issue by defendant.
In any event, its clear that the appropriate party was served. Connecticut General Statutes § 52-57 (c). Thereafter, the defendant defaulted in appearance and on March 26, 1998, after hearing in damages, plaintiff was once again awarded $37,589.68.
Subsequently, counsel appeared for the defendant and on September 11, 1998, filed the instant motion to set aside judgment.
In opposition to the motion, plaintiff argues that it was not timely filed because defendant had been notified of the judgment more than four months earlier. However, it is clear that the four month limitation period began to run upon proper notification being given defendant and that was first accomplished on May 27, 1998. SEE Paul Habura v. Marian Kochanowicz, et al,40 Conn. App. 590.
Consequently, the motion was filed within the four month limitation of § 52-212 of the General Statutes which provides in pertinent part:
 "(a) Any judgment rendered . . . upon a default may be set aside, within four months following the date on which it was rendered . . . and the case reinstated on the docket, . . . upon the . . . written motion of any party . . . prejudiced thereby, showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment . . . and that the . . . defendant was CT Page 6933 prevented by mistake, accident or other reasonable cause from . . . making the defense."
As indicated by our Supreme Court in Costello v. HartfordInstitute of Accounting Inc., 193 Conn. 160, 167,
 "In order to set aside a judgment passed upon default, there must be a showing that (1) a good defense existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident, or other reasonable cause." (citations omitted.)
 Since the conjunctive "and" meaning "in addition to" is employed between the parts of the two prong test, both tests must be met.
As to the first test, the court reviewed the evidence to determine whether or not the defendant has shown that a good defense in whole or in part existed at the time of the rendition of the judgment and is of the opinion that one or more good defenses were available to defendant at that time. Of course their efficacy will depend upon the defendant, if given an opportunity, asserting and proving them at trial.
While defendant has asserted a number of defenses, only three will be considered since defendant need only show that a good defense in whole or in part existed at the time in question. One such defense is the doctrine of res judicata, another is collateral estoppel and both involve the two prior small claims actions brought by the plaintiff and bearing docket nos. SC4-183184 and SC4-185397 respectively.
 "[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have been made. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding. . . ." (Emphasis in original) Connecticut National Bank v. Rytman, 241 Conn. 24, 43 (1997).
In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessary determined CT Page 6934 in an earlier proceeding between the same parties or those in privity with them upon a different claim. DeLaurentis v. NewHaven, 220 Conn. 225, 239, (1991). Weiss v. Statewide GrievanceCommittee, 227 Conn. 802, 818, (1993). Furthermore, "[t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,297, (1991)
Both issue and claim preclusion "express . . . the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." Statev. Ellis, 197 Conn. 436 (1985)
While there are still questions to be answered regarding both of these defenses, if proved at trial, either will provide a defense, if not in whole than in part, to plaintiff's claims.
Defendant also asserts as a defense, to certain of plaintiff's claims arising from the repair of the auto in question, the Retail Purchase Order for Used Motor Vehicles, signed by plaintiff. It indicates a 12 month, 12,000 mile, 50/50 warranty and that the vehicle was sold "as is". Plaintiff's Exhibit E.
Plaintiff's objections to the contrary, notwithstanding, this defense would have reduced the damages awarded on March 26, 1998, had it been asserted because a part of plaintiff's claims concerned the cost of repairs and the value of his vehicle.
Again without reviewing defendant's other claimed defenses, its clear that a good defense, in whole or in part, existed at the time of the rendition of the judgment in the instant matter. As a result, the first prong of the test is met.
The court next looks to determine whether or not the defendant was prevented from defending by reasonable cause.
The credible evidence, including the testimony of Pat Scarpa that he never received notice of the present action until after judgment had entered, the testimony of David Sebola indicating when he first heard of the suit, and, in part, Warren Ford who couldn't remember ever contacting Pat Scarpa regarding the law suit, while admitting he was required to do so provides the factual predicate for the inference that Warren Ford, for reasons CT Page 6935 of his own, intentionally failed to provide notice of the instant action to defendant through anyone of authority including its CEO, Pat Scarpa.
Subsequently, Warren Ford left defendant's employ under questionable circumstances and defendant received no actual notice of the case until defendant, through its present general manager, David Sebola, received the notice of judgment on May 27, 1998.
Consequently the court is of the opinion that defendant was prevented from appearing and defending by reasonable cause, to wit, lack of notice of the action. See Collins v. Scholz,34 Conn. Sup. 501 (1976)
In accord with the foregoing, defendant's motion to set aside judgment is granted and the case is reinstated on the docket.
Thomas G. West, J.