[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO OPEN JUDGMENT
The plaintiff brought this action against the named defendant, "doing business as Fairmont Paving and Excavation" as well as Dom DeLucia and Andy DeLucia, seeking damages arising out of an allegedly negligently performed paving job. All three defendants were served by leaving copies of the original writ, summons and complaint at "their usual place of abode", 135 Monroe Street, New Haven, Connecticut, Second Floor. All three defendants were defaulted for their failure to appear, and judgment was rendered against them at a hearing in damages in the amount of $4,600 plus costs on December 11, 1991. A notice of judgment was mailed by the plaintiff's attorney to the defendants at the Monroe Street address.
In March of this year, the defendant Anthony DeLucia, who claims he was "incorrectly named in the original complaint as `Tony DeLucia d/b/a Fairmont Paving and Excavation,'" appeared and moved to open the judgment against him. Based on the evidence introduced at the hearing on this motion, the court finds that the named defendant was not the owner of Fairmont Paving and Excavation during the relevant time period and that, although 135 Monroe Street was the business address of Fairmont Paving and Excavation, it was not the named defendant's "usual place of abode." It is therefore clear that the court did not properly obtain in personam jurisdiction over the named defendant.
The court also finds, however, that as a result of conversations with the plaintiff's former attorney as long ago as 1993, the named defendant was aware of the fact that a lawsuit had been filed against him in this case. This is so even though he had never received a formal "notice of judgment", the certified letter containing said notice having been unclaimed. Although the named defendant acknowledges having been told by the plaintiff's former attorney that he was "going to put a lien on his house", he contends that he merely viewed this as a threat of future litigation and did not believe that there was actually a CT Page 9234 judgment against him until he received a letter to that effect on March 2, 1999 from the plaintiff's present counsel.
Although the present motion to open judgment obviously comes long beyond four months after the date of judgment, Practice Book § 17-4, the defendant claims that he did file the motion within four months after discovery of the entry of the judgment against him. See Habura v. Kochanowicz, 40 Conn. App. 590 (1996). The plaintiff, however, argues that the named defendant knew or should have known that there was a judgment against him six years ago, and that the court either has no discretion to open the judgment, or if it has, should not exercise that discretion in favor of opening judgment at so late a date.
Although it is clear that the court never properly obtained personal jurisdiction over the named defendant, this court concludes that the named defendant was on notice of the fact that litigation had been brought and a judgment probably obtained at least six years ago. It was only when it became apparent that there might actually be some consequence to him arising out of all of this legal activity that the named defendant finally sought legal counsel and began his present attempt to open the judgment against him.
A timely effort to have opened this judgment might well have been treated differently. It is apparent, however, that the named defendant either discovered, or certainly had information upon which he could have discovered, the existence of a judgment against him at least six years ago, if not earlier, and his decision not to take action sooner should not be rewarded by the opening of the judgment him at this late date.
The motion to open judgment is therefore denied.
Jonathan E. Silbert, Judge