[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to open the judgment entered against her over six years ago. She asserts that she never received notice of the action or of the judgment until receipt in June 2002 of a notice of wage execution. On June 6, 2002, the defendant filed the subject motion to open judgment claiming that she has a good reason for not appearing and that she has a good defense to the underlying action. The plaintiff objects to the defendant's request to open the judgment on the grounds that it was not filed within four months of the rendering of judgment and is therefore untimely. The court agrees with the defendant that the judgment should be opened.
After a hearing on the motion to open judgment, the court finds the following facts. The plaintiff filed this action with the court on January 3, 1995 against the defendant claiming breach of contract with respect to the purchase of an automobile. The sheriffs return filed with the court indicates that service of the writ, summons and complaint was CT Page 9332 made upon the defendant by leaving a copy at 45 6th Street #3, Derby, Connecticut on December 17, 1994. The defendant did not receive notice of the action because she moved from her residence at 45 6th Street #3, Derby, Connecticut in October 1994. On December 17, 1994, the defendant was living at 214 Pershing Drive, Ansonia, Connecticut.
On March 1, 1995, the defendant was defaulted for failure to appear in the action. Notice of the default was sent to the defendant's former address at 45 6th Street #3, Derby, Connecticut. On July 21, 1995, judgment in the amount of $3,094.65 plus attorney's fees of $464.20 was entered against the defendant. Notice of the judgment was mailed to the defendant at 214 Pershing Drive, Ansonia, Connecticut. The defendant however had moved from that address to 41 DeForest Street, Seymour, Connecticut in March 1995. She never received notice of the judgment.
The first notice the defendant received of the judgment was a notice of wage execution mailed to her on May 30, 2002. On June 6, 2002, she filed the subject motion to open judgment. The defendant asserts that she was prevented from defending this action because she was not notified of it and that a good defense existed at the time of the rendition of the judgment. The plaintiff maintains that the court may not open the judgment because the motion to open judgment was not filed within four months of the rendition of the judgment. See General Statutes §§ 52-212
and 52-212a.
The four month time period during which a defendant must file a motion to open judgment does not begin to run until the defendant has received notice of the default judgment. Habura v. Kochanowicz, 40 Conn. App. 590,592 (1996). See also Federal Deposit Insurance v. Caldrello,68 Conn. App. 68, 71 (2002) and Tyler E. Lyman, Inc. v. Lodrini,63 Conn. App. 739, 746-47, cert. denied, 258 Conn. 902 (2001) "It is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to. open." (Citations and quotation marks omitted.) Habura v. Kochanowicz, supra, 40 Conn. App. 593 (1996). See also Practice Book § 17-4 which provides that "any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent." (Emphasis supplied.)
Since the defendant did not receive notice of the judgment until June 2002, her motion to open judgment which was filed on June 6, 2002 was timely. The court further finds that the defendant has shown reasonable cause for not appearing in the action to assert her defense and she has shown a good defense existed at the time of the rendition of the judgment. CT Page 9333
In light of the above, the defendant's motion to open judgment is hereby granted.
BY THE COURT
___________________ Judge Jon M. Alander