[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: [DEFENDANT'S] MOTION TO OPEN AND SET ASIDE JUDGMENT #123
The court has considered the testimony of the parties, the briefs and arguments of counsel, and transcripts of proceedings held on July 23, September 10, 1999 and February 7, 2002. A review of the procedural history of this case is warranted. The complaint, bearing a return date of February 23, 1999, was served upon the defendant by abode service on January 26, 1999. On June 22, 1999 a judgment of dismissal was entered,Axelrod, J., for failure of the plaintiff to appear for an uncontested hearing. The defendant had not appeared as of that date. On July 23, 1999, the plaintiffs attorney filed a handwritten motion to reopen judgment of dismissal, #107, dated that date. The filing fee was paid on July 23, 1999 and the motion was granted the same day, Axelrod, J. The motion contained the following certification, "the plaintiff certifies a copy of the foregoing was mailed 7/16/99 to the defendant" (emphasis supplied). The certification was not signed and it did not include the defendant's address as required by Practice Book § 10-14. On July 23, 1999, the plaintiffs attorney proceeded with an uncontested dissolution hearing, however, the court took no action because the child support guideline worksheet was not prepared. The defendant had not appeared as of July 23, 2002 and was not present in court on that date.
On September 10, 1999, after an uncontested hearing, the court, Jones,J., dissolved the marriage of the parties and entered orders regarding alimony, child support, and transfer of real estate. The court notes that a judgment file was never filed with the court as required by Practice Book § 6-3. The defendant was not present in court on September 10, 1999 and he had not filed an appearance.
The plaintiff filed a motion for immediate wage execution, #114, dated October 14, 1999. There is a certification of mailing of the motion signed by the plaintiffs attorney, however, the address of the defendant is not contained in the certification. The motion for immediate wage CT Page 13899 execution was granted by the court, Berdon, J., on May 18, 2000. It does not appear that a wage garnishment was ever issued.
The plaintiff thereafter, through her attorney and pro se, filed several motions to hold the defendant in contempt which were dated January 12, 2000, #115, July 26, 2000 #116, October 24, 2000, #12 1. There is no return of service for these motions in the file.
The plaintiff filed another motion for contempt dated December 26, 2001, #122, and the court file copy bears the notation "dup. orig. 2/7/02." There is no return of service for this motion. The file does contain a transcript dated February 7, 2002, which indicates Attorney Huggins appeared in court on behalf of the defendant. The hearing on the motion for contempt, #122, did not go forward on that date.
Attorney Huggins filed an appearance on behalf of the defendant on February 7, 2002 and on March 11, 2002, the subject motion to open and set aside judgment was filed. The motion alleges; the court lacked jurisdiction over the defendant, that the defendant received no notice of the motion to reopen dismissal, that the defendant received no notice of the proceedings held on September 10, 1999 and also alleges the defendant had no notice that a judgment of dissolution had entered.
The court finds that the defendant actually received the complaint some time after it was served on January 26, 1999. The defendant testified that he was informed by an attorney, who reviewed the court file at his request, that the case was dismissed on June 22, 1999. The court finds this testimony credible. The defendant's testimony that he did not receive a copy of the motion to reopen dismissal and did not receive notice of the September 10, 1999 hearing date is also credible.
From the return and the evidence, the court concludes there was proper abode service of the complaint and the defendant did actually receive the complaint. There is no reason to reopen the judgment based upon a lack of jurisdiction. The motion, however, deserves further consideration.
When the judgment of dissolution entered on September 10, 1999, the defendant had not filed an appearance and he was not present in court. An affidavit of military service was filed by the plaintiff. Although not specifically indicated in the transcript, the judgment was entered upon a default of the defendant. This court deems the defendant's motion to be filed pursuant to Practice Book § 17-43, Opening Judgment upon Default or Nonsuit, which is the Practice Book embodiment of General Statutes § 52-212.
CT Page 13900
 "General Statutes § 52-212 provides in part: "(a) Any judgment rendered . . . upon a default . . . may be set aside, within four months following the date on which it was rendered . . . upon the . . . written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." Practice Book § 377 of the Rules of Practice [Practice Book § 17-43] is cast in similar terms . . . Where the defendants have not received notice of the default judgment, however, the time within which they may move to set aside the judgment is extended by the delay in notification. DiSimone v. Vitello, 6 Conn. App. 390, 393, 505 A.2d 745 (1986). "[I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." Noethe v. Noethe, 18 Conn. App. 589, 595, 559 A.2d 1149 (1989)." Habura v. Kochanowicz, 40 Conn. App. 590 (1996), 672 A.2d 512.
In order to decide whether the motion has been timely filed, the court must determine when the defendant received actual or constructive notice of the judgment. Noethe v. Noethe, 18 Conn. App. 589 (1989). Judge Jones did not make a provision that a notice of the orders he entered be given to the defendant as provided for in Practice Book § 25-29. There is no indication in the file that notice of the judgment was ever given to the defendant. In addition, there is no indication in the file that the post judgment motions filed by the plaintiff were actually served upon the defendant. Although there is no return of service, in view of the fact that Attorney Huggins was present for the February 7, 2002 hearing on the plaintiffs December 26, 2001 motion for contempt #122, it is reasonable to conclude the defendant had actual notice of that motion. The motion did state that a judgment of dissolution had entered on September 10, 1999.
Considering the evidence, the court cannot find that the defendant had actual or constructive notice of the dissolution judgment before he received the December 26, 2001 motion for contempt. Even if the court assumes the December 26, 2001 motion for contempt, which was filed on December 28, 2001, was received by the defendant on December 28, 2001, the motion to open, dated and filed March 11, 2002, is filed within four months of December 28, 2002. The court finds the motion to be timely CT Page 13901 filed.
The court notes Practice Book § 17-43 does require the motion to be verified by the oath of the complainant or the complainant's attorney. The court held an evidentiary hearing on this motion on August 21, 2002 wherein both parties testified under oath. The court concludes the testimony of the defendant fulfills the verification requirement of Practice Book § 17-43.
Practice Book § 17-43 also requires that there be "reasonable cause" to set aside a judgment. The parties have been married for more than 20 years, they have a minor child, and there is real estate in the marital estate. The defendant should be given the opportunity to present evidence on the issues attendant to the dissolution of the marriage. The defendants right to present evidence in this case is reasonable cause to open the judgment. See Hasbrouck v. Hasbrouck, 195 Conn. 558 (1985).
The court also finds that the defendant was prevented by a reasonable cause from appearing at the September 10, 1999 hearing; specifically, he had no notice of the hearing. The defendant was told by an attorney the case had been dismissed, consequently, an appearance was not filed. The court credits the defendant's testimony that he did not receive a copy of the motion to reopen the dismissal which was filed and granted on July 23, 1999. The court concludes the July 23, 1999 motion to reopen was filed pursuant to Practice Book § 17-43. The court finds there was no reasonable notice of the motion given to the defendant as required by Practice Book § 17-43. The court also finds that the defendant did not have notice of the hearing held on September 10, 1999; hence, he could not and did not appear.
For the foregoing reasons the court grants the motion to open the judgment entered on September 10, 1999 as to orders entered regarding custody, child support, alimony and property assignment. The court does not disturb that portion of the judgment which dissolved the marriage of the parties.
 ___________________ Domnarski, J.
CT Page 13902